IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GIOVANNI LEYVA,** | |
| **Plaintiff,** | |
| v. | Case No. 20-cv-00060-SPM |
| **JOHN R. BALDWIN,** *et al.,* | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Giovanni Leyva filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was incarcerated at Big Muddy Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 11). The Court granted Leyva an opportunity to clarify his claims in an amended complaint. He was directed to file a First Amended Complaint on or before January 4, 2021. Additionally, Leyva was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g) if he failed to file an amended complaint by the deadline. (*Id*.).

Leyva missed the deadline, and the case was dismissed on January 15, 2021. (Doc. 12). On February 9, 2021, the Court received a notice from Leyva advising the Court that he was again within the custody of the Illinois Department of Corrections and currently housed at Stateville Correctional Center. (Doc. 14). He also requested the status of his case. The Court advised Leyva that his case had been dismissed, and in late February 2021, he filed a motion to alter or amend the judgment. (Doc. 16, 17). He explained that he did not receive the Court's order dismissing the complaint and setting the deadline to amend because he had been unable to timely update his address after reincarceration on November 24, 2020. The Court granted the motion and vacated the dismissal order and judgment. (Doc. 18). Leyva was given until August 31, 2021, to file a First

Amended Complaint. He was again warned that failure to do so would result in dismissal of the case with prejudice and the assessment of a "strike" pursuant to Section 1915(g). The Clerk of Court was directed to provide Leyva another copy of the merit review order and a blank civil rights complaint form to assist him in complying with the Court's order. The order and corresponding documents were returned to the Court as undeliverable with a note that Leyva had been "discharged or paroled" on August 17, 2021. (Doc. 20). Leyva has not filed an amended complaint, motion for an extension of time, or notice of change of address. He last filed a document with the Court on February 22, 2021. (Doc. 17).

Leyva has again missed the deadline for filing a First Amended Complaint and failed to follow repeated directives to keep the Court notified of any change in address. (Doc. 2, 6, 11, 18). Accordingly, this action is **DISMISSED with prejudice** for failure to comply with various orders of the Court and for failure to prosecute. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Leyva's three allotted "strikes" within the meaning of Section 1915(g).

If Leyva wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Leyva must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Leyva may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 25, 2021**

                                        *s/ Stephen McGlynn*
                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**